UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


BARRY L. RECTOR,

      Plaintiff,

v.                                            3:05-cv-192

WARDEN JACK MORGAN, et al.,

      Defendants.


## MEMORANDUM OPINION

This is a *pro se* prisoner's civil rights complaint pursuant to 42 U.S.C. § 1983. There is presently pending before the court the defendants' motion to dismiss and plaintiff's response thereto. For the following reasons, the court finds this action should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies, and the defendants' motion to dismiss [Court File No. 21] will be **GRANTED**.

Before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, he must first allege and show that he has exhausted all available administrative remedies. 42 U.S.C. § 1997e; *Porter v. Nussle*, 122 S. Ct. 983 (2002); *Hartsfield v. Vidor*, 199 F.3d 305, 308-309 (6th Cir. 1999); *Freeman v. Francis*, 196 F.3d 641 (6th Cir. 1999); *Brown v. Toombs*, 139 F.3d 1102 (6th Cir. 1998). *See also Curry v. Scott*, 249 F.3d 493, 501 n.2 (6th

Cir. 2001) ("We note, however, that, while it is true we have concluded § 1997e does not impose a jurisdictional bar to federal jurisdiction, we have also concluded that the obligation to exhaust administrative remedies before resort to federal court is a mandatory one.") (citations omitted).

In order to demonstrate that he has exhausted his administrative remedies, "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). A prisoner cannot simply state in his complaint that his claims have been exhausted. *Id*. "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." *Id*.

The requirement is one of total exhaustion; a complaint containing even a single unexhausted claim must be dismissed. *See Jones Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005). "Because Jones Bey's complaint alleged both exhausted and unexhausted claims, we must definitively answer an open question in this circuit: whether the PLRA requires a complete dismissal of a prisoner's complaint when that prisoner alleges both exhausted and unexhausted claims. We hold that it does." *Id.* at 805.

In addition, it is necessary that "a prisoner file a grievance against the person he ultimately seeks to sue." *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001). *See also Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003) (a prisoner must demonstrate that he has exhausted the administrative remedies with respect to each individual he intends to sue). Thus, a complaint containing claims that are unexhausted as to one or more defendants must be dismissed under *Jones Bey's* total-exhaustion requirement.

Plaintiff is confined in the Brushy Mountain Correctional Complex. The defendants are Warden Jack Morgan, Deputy Warden Jim Worthington, Assistant Warden of Operations Rick Elmore, Unit Manager Charlene Walls, and Howard Cook, the former assistant commissioner of operations for the Tennessee Department of Correction. The complaint concerns a change in the arts and crafts policy, which plaintiff alleges violated his right to equal protection. Plaintiff also alleges he was retaliated against for filing a grievance as to the policy change.

As noted, plaintiff filed a grievance concerning the policy change implemented by Warden Morgan and Deputy Warden Worthington; a copy of the grievance is attached as Exhibit B to his complaint. He did not, however, name defendants Elmore or Walls in that grievance. In addition, plaintiff has not provided a copy of any grievance indicating that he has exhausted his issue of alleged retaliation. Thus, plaintiff has failed to comply with the total-exhaustion requirements of *Jones Bey* and *Curry v. Scott*.

3

Under the circumstances, the court finds that plaintiff's complaint should **DISMISSED WITHOUT PREJUDICE** pursuant to 42 U.S.C. § 1997e for failure to exhaust administrative remedies. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE.

**AN APPROPRIATE ORDER WILL ENTER.**

        s/ Thomas W. Phillips
        United States District Judge